STATE OF NORTH CAROLINA v. WILLIE JAMES WILDER

No. 7114SC395

(Filed 14 July 1971)

**Larceny § 7— felonious larceny — insufficiency of evidence**

The State's evidence was insufficient to support a verdict of guilty of the felony of larceny of property having a value in excess of $200.

ON *certiorari* as a substitute for an appeal by defendant from *Bickett, Judge,* 28 September 1970 Session of Superior Court held in DURHAM County.

The defendant, Willie James Wilder, was charged in a bill of indictment, proper in form, with felonious larceny of one auto tape player, twenty-four tapes and a dress, of the value of $230.21, the property of Jewel Dianne Davis. Upon the defendant's plea of not guilty, the State offered evidence tending to show that on 12 May 1970 Jewel Dianne Davis parked her 1962 blue Galaxie Ford automobile in the White Optical Laboratories parking lot at about 12:30 p.m. She locked her automobile and returned to her place of employment. Miss Davis testified: "There was a dress, a tape player, and a tape case which I think holds 24 tapes." Miss Davis returned after work, at about 5:00 o'clock. She discovered the lock on the door to her automobile broken and the dress, the tape player, the case and the tapes were missing. Miss Davis reported the matter to the Durham police and went to the police station where she saw several tape players and identified her tape player, case and tapes. The witness, in court, identified her tape case with a variety of tapes inside which was introduced as State's Exhibit 1. She also identified her tape player, by serial number 0147, which was introduced into evidence as State's Exhibit 2. The dress was never recovered. With respect to the value of the property, the witness testified: "The tape player is worth $90.00 and each tape is worth $5.88 except for two worth $16.00; the case is worth $10.00."

Joseph Kafina testified that from an office on the fifth floor of the rear of the Snow Building he observed the defendant and three other persons in a parking lot. The defendant tried unsuccessfully to get into a white Chevrolet. The witness saw the defendant get into a green and white Chevrolet. When

the four persons observed by the witness left the parking lot and went into some woods, the defendant was carrying "an armful (a couple) of tape players." The witness testified that he saw a juvenile hand a tape player to the defendant. Mr. Kafina called the police and directed them to the woods and observed them come out of the woods with the four persons he had seen in the parking lot, including the defendant. He later went to the police station where he identified them. Mr. Kafina testified that he was able to identify the defendant and the other three persons from their clothes but that he could not identify them from their facial features.

Durham Police Officer Earl Francis testified that on 12 May 1970 he saw the defendant in a wooded area approximately 500 feet from the White Optical Company's parking lot. The defendant and three other persons were standing with their backs to the witness watching another policeman. The defendant, along with the others was ordered out of the woods by the witness and turned over to another officer. Officer Francis testified: "I went into the wooded area where I found the case (State's Exhibit 1), SEVERAL TAPE PLAYERS **SIMILAR** TO STATE'S EXHIBIT 2, an umbrella and some loose tapes."

At the close of the State's evidence the defendant's motion for judgment as of nonsuit was denied. The defendant offered no evidence. The jury returned a verdict of guilty as charged in the bill of indictment, and from a judgment of imprisonment of not less than five nor more than seven years, the defendant appealed.

*Attorney General Robert Morgan and Staff Attorney William Lewis Sauls for the State.*

*A. H. Borland for defendant appellant.*

HEDRICK, Judge.

By an exception to the denial of his motion for judgment as of nonsuit, the defendant contends that the evidence, when considered in the light most favorable to the State, is not sufficient to be submitted to the jury on the charge of larceny of property having a value in excess of $200.

The bill of indictment charged the defendant with the theft of an auto tape player, twenty-four tapes, and a dress,

having an aggregate value of $230.21. The evidence tended to show that the dress had a value of $25, but there is no evidence whatsoever connecting the defendant with the theft of the dress. The auto tape player was described in the bill of indictment as having serial number CE 1084. The tape player identified and introduced into evidence at the trial as State's Exhibit 2 was valued by its owner at $90; however, according to the testimony of the owner it bore serial number 0147.

The officer testified that he found several tape players in the wooded area "similar" to State's Exhibit 2.

In his brief defendant states:

"Thus, while there was evidence sufficient to allow a finding of guilty of the lesser offense, there was no evidence to sustain that the value was in excess of $200.00; and as to that charge, a motion as of nonsuit should have been allowed."

The evidence, when considered in the light most favorable to the State, would allow the jury to find that the defendant took a variety of tapes from the automobile of the prosecuting witness. These tapes, together with the case in which they were kept, were identified and introduced into evidence as State's Exhibit 1. State's Exhibit 1, together with several tape players and some loose tapes, was recovered by the police from the wooded area where the defendant and his companions were found and taken into custody. There is no evidence that the variety of tapes, State's Exhibit 1, had a value in excess of $200.

The court correctly denied the defendant's motion for judgment as of nonsuit, but the court should have submitted the case to the jury only as to the larceny of the variety of tapes, for there is no evidence in the record tending to show that the defendant stole the dress or the tape player.

The evidence will not support a verdict of guilty of felonious larceny. For error in submitting the case to the jury on the charge of larceny of property having a value in excess of $200, the defendant is entitled to a new trial on the charge of the larceny of the tapes described in the bill of indictment, and having a value of less than $200.

New trial.

Judges BROCK and MORRIS concur.